IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES L. COLE                                                                    PLAINTIFF

V.                                                                    NO. 3:16CV00227-JMV

COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held June 15, 2017, the court finds the ALJ's step two determination of no medically determinable impairments is not supported by substantial evidence in the record. Specifically, the ALJ's decision is belied by the fact that hospital records dated August 2012 indicate the claimant has suffered from hypertension and diabetes mellitus, among other impairments raised in his disability application, for five years. Moreover, two prior final decisions–the latest, a June 22, 2011, decision which predated the relevant period by only one day–established the claimant had numerous severe impairments, including, but not limited to, degenerative disc

disease; diabetes mellitus; and hypertension. It defies logic that a claimant who was determined by a "final and binding" decision to have a number of severe medically determinable impairments on June 22, 2011, had no medically determinable impairments of any degree on June 23, 2011, the beginning of the period under consideration in this case. Ultimately, the ALJ had a duty to fully and fairly develop the record with regard to the claimant's alleged impairments. Additionally, principles of finality and fundamental fairness dictated the ALJ at least consider the findings made in the prior decisions. The ALJ's errors were not harmless because the court is persuaded by the claimant's arguments that consideration of the prior decisions in conjunction with the medical evidence postdating the relevant period may have changed the result, especially in view of the claimant's alleged illiteracy.

On remand, the ALJ shall fully develop the record with regard to all of the claimant's alleged impairments. Additionally, the ALJ shall consider as evidence (along with all the evidence currently in the file) all the findings of the prior decisions required under the sequential evaluation process for determining disability and give all the evidence the appropriate weight. *See generally Albright v. Commissioner of the Social Security Administration,* 820 F.2d 1391, 1392 (4th Cir. 1999). *See also* AR 00-1(4), 2000 WL 43774, at *3; 42 U.S.C. § 405(h). If necessary, the ALJ shall obtain pertinent medical records contained in the files of the prior claims. The ALJ shall also, if necessary, employ the help of a medical expert to assist with a determination of the claimant's condition during the relevant period. Finally, the ALJ shall conduct a new hearing and any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 19th day of June, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE